UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HYWEL CHANNING BOWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:09-0856 |
| ) | Judge Haynes/Bryant |
| OFFICE OF THE DISTRICT ATTORNEY ) | **Jury Demand** |
| GENERAL, et al., ) | |
| ) | |
| Defendants. ) | |

**TO: The Honorable William J. Haynes, Jr.**

### REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, has filed his complaint in forma pauperis alleging that he was incarcerated by the Metropolitan Davidson County government pursuant to an unlawful sentence (Docket Entry No. 1).

This case has been referred to the undersigned Magistrate Judge for pretrial management, including frivolity review (Docket Entry No. 28).

Although the complaint does not expressly cite a statutory basis for plaintiff's claim, it appears that he is proceeding under 42 U.S.C. § 1983.

In the case of Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87. The complaint in this case fails to allege that the sentence about which plaintiff complains has been reversed on direct appeal or otherwise called into question. In a later filing (Docket Entry No. 24), however, plaintiff has suggested that he can show that the allegedly illegal sentence about which he complains in this action has been reversed on direct appeal.

On November 12, 2010, the undersigned Magistrate Judge issued an order to show cause (Docket Entry No. 32) requiring the plaintiff to respond on or before December 3, 2010, and to demonstrate that the allegedly illegal sentence about which he complains in this action has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by a federal court's issuance of habeas corpus, or otherwise show why this cause should not be dismissed pursuant to the authority of Heck v, Humphrey. This order further admonished plaintiff that his failure to file a timely response to this order may cause the undersigned Magistrate Judge to recommend that his case be dismissed.

Despite this order to show cause, plaintiff has failed to respond or otherwise to show that this case should not be dismissed for failure to state a claim pursuant to the authority of Heck v.

Humphrey. The undersigned Magistrate Judge finds, therefore, that the complaint should be **dismissed** pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 28th day of February, 2011.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge