UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HYWEL CHANNING BOWMAN,              )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        No. 3:09-0856
                                    )        JUDGE HAYNES
                                    )
METRO DAVIDSON COUNTY               )
GOVERNMENT, et al.,                 )
                                    )
        Defendants.                 )

## O R D E R

Plaintiff, Hywel Channing Bowman, filed this pro se action under 42 U.S.C. § 1983 against

the Defendants, Metropolitan Government of Nashville and Davidson County ("Metro") and the

Office of the District Attorney General. Plaintiff asserts that he was incarcerated by the Defendants

pursuant to an unlawful sentence.

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No.

39) that this action be dismissed, to which Plaintiff has filed an objection (Docket Entry No. 42).

Noting that Plaintiff's complaint failed to allege that his sentence was reversed on direct appeal or

otherwise called into question, the Magistrate Judge issued an order to show cause (Docket Entry

No. 32) requiring Plaintiff to respond by December 3, 2010, and to demonstrate why this action

should not be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff failed to respond,

and the Magistrate Judge recommended that this action be dismissed. Plaintiff timely filed his

objection to the Report and Recommendation, citing the state court's order amending Plaintiff's sentence.

On October 14, 2005, Plaintiff pled guilty to aggravated assault and received a five year suspended sentence. (Docket Entry No. 42, Attachment 2). In August 2007, Plaintiff violated his probation and was sentenced to serve one year day-for-day at 100%. Id. On February 11, 2008, the state court denied Plaintiff's petition for post-conviction as untimely, but concluded that the imposition of a day-for-day sentence raised a valid habeas corpus claim because day-for-day sentences deny defendants their statutory right to earn good conduct and work credits. Although the petition did not meet the strict requirements for habeas corpus, the court determined, in the interest of justice and judicial economy, that the portion of the sentence requiring day-for-day service be deleted. Id.

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481 (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)); Bryant v. Crews, No. 3:06-CV-1121, 2006 WL 3386892, at *1 (M.D. Tenn. Nov. 21, 2006). "Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of ... physical confinement,' and thus lies at 'the core of habeas corpus.'" Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (citing Preiser, 411 U.S. at 487-88). In sum, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

2

In essence, Plaintiff alleges that he was improperly denied his good time credits that resulted in him serving a longer sentence. Plaintiff's claim must initially be pursued through habeas corpus or similar state remedies. Id. at 81; Bryant, 2006 WL 3386892, at *1-2; Robinson v. Tennessee Dep't of Corrs., No. 1:10-CV-00017, 2010 WL 1138020, at *2 n.1 (M.D. Tenn. March 19, 2010); Jones v. Louisiana Dep't of Pub. Safety and Corrs., 2008 WL 2139609, at *2 (M.D. La. April 24, 2008) (Report and Recommendation adopted May 20, 2008). Plaintiff does not offer proof that he was denied good time credits as a result of the state court's order amending his sentence and that he successfully challenged the alleged denial of those good time credits. Plaintiff fails to show that there was a determination that he in fact was denied good time credits that essentially increased his sentence. Thus, a successful § 1983 action by Plaintiff would "necessarily imply the invalidity of his conviction or sentence," Heck, 512 U.S. at 487, and, therefore, Plaintiff may not bring such an action under 42 U.S.C. § 1983.

Accordingly, for these reasons the Court **ADOPTS** the Report and Recommendation. This action is **DISMISSED without prejudice.** Diehl v. Nelson, 198 F.3d 244 , No. 98-2148, 1999 WL 1045, at *1 (6th Cir. Nov. 12, 1999). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED.**

ENTERED this the ___ day of March, 2011.

WILLIAM J. HAYNES, JR.
United States in Judge

3